IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1279-11






EX PARTE ACE ALLEN KRETZER, JR., Applicant






ON DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


NEWTON COUNTY





 Johnson, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellant was on bond awaiting trial on two charges of aggravated sexual assault of a child
when he was charged with the instant offense of indecency with a child. The trial court set bail at
$500,000. Appellant complained that he had been in jail for more than ninety days and that the state
had not been ready for trial within that time span. He asserted that, pursuant to article 17.151 of the
Texas Code of Criminal Procedure, he was thus entitled to either personal bond or a reduction in the
bail amount. The trial court refused a personal bond, but decreased the bail amount to $250,000. 
Appellant appealed the denial of personal bond to the court of appeals and also argued to that court
that the bail set by the trial court was excessive.

 The court of appeals noted that consideration of the future safety of the victim and the
community is among the parameters for setting bail that are set out in article 17.151. It held that,
because appellant was already on bond for two aggravated sexual assaults of a child when he
allegedly committed the pending offense of indecency with a child, the trial court did not abuse its
discretion in maintaining bail at $250,000. "By placing a mandatory duty on trial courts to consider
the safety of the victim and the safety of the community in fixing bail in all cases, the Legislature
requires trial courts to consider a fact that is not related to the amount the defendant can afford to
pay." Ex parte Kretzer, No. 09-11-00181-CR (Tex. App.--Beaumont July 13, 2011) (quoting
Matthews v. State, 327 S.W.3d 884, 887 (Tex. App.--Beaumont 2010, no pet.)) (not designated for
publication).

 After reviewing the briefs of the parties and examining the relevant portions of the record,
we conclude that our decision to grant appellant's petition was improvident. Accordingly, we
dismiss appellant's petition. Tex. R. App. P. 69.3.


Delivered: May 16, 2012

Do not publish